IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Sloan Medved,<br><br>                    Plaintiff,<br><br>v.<br><br>Midwest Check Cashing Inc., MM Finance, LLC,<br><br>                    Defendants. | No. CV 16-00402-PHX-DMF<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

Plaintiff filed a Complaint (Doc. 1) on February 2, 2016, as well as an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 4), and a Motion to Serve Summons and Waive the Costs of Serving (Doc. 6). The Court must undertake a review pursuant to 28 U.S.C. § 1915(e)(2) to determine whether or not this case is properly in federal court. The review leads to the conclusion that the claims asserted in Plaintiff's Complaint are not plausible and cannot be maintained under any theory of law. This Report and Recommendation is addressed to the Presiding Judge of the Phoenix Division because although this case was assigned to the undersigned judge pursuant to Local Rules of this Court, the undersigned, as a Magistrate Judge, does not have the judicial authority to enter a dispositive order absent the consent of the parties.

Plaintiff, proceeding pro se, filed a complaint bringing claims against Midwest

Check Cashing, Inc., and MM Finance, LLC. (Doc. 1.) Plaintiff alleges that Defendants are entities "started in part by Michael Patrick Medved." (Doc. 1 at 3-4.) The Complaint is largely incoherent, but suggests that Plaintiff believes family members conspired against him in bringing a mental health court petition and in stealing Plaintiff's property "for the sake of the defendant's false community standing." (Doc. 1 at 25.) Plaintiff alleges that Defendants have conspired "as an illegal campaign against plaintiff that has resulted in a large amount of negative attention directed at plaintiff from the community." (Doc. 1 at 30–31.) Plaintiff also alleges that he was falsely imprisoned by a court-ordered involuntarily confinement to hospital treatment. (Doc. 1 at 32.) Since September 11, 2014, Plaintiff has filed over 20 separate complaints in the District of Arizona that primarily center on an alleged conspiracy to humiliate Plaintiff by family members. (*See, e.g., Medved v. Medved*, No. CV 15-1289-PHX-SPL, Doc. 1, Compl.; *Medved v. Arc Entm't, LLC*, No. CV 14-2236-BSB, Doc. 1, Compl.)

The few intelligible facts alleged against Defendants are not "plausibly suggestive of a claim entitling the plaintiff to relief" and do not "raise a reasonable expectation that discovery will reveal evidence" of a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Because the Court concludes that Plaintiff's claims are frivolous and amendment is futile, the Court recommends dismissal of Plaintiff's complaint without leave to amend.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint (Doc. 1) be **dismissed without leave to amend**.

**IT IS FURTHER RECOMMENDED that** Plaintiff's Motions (Docs. 2, 4, 6) be **denied as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28

U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 13th day of April, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge

cc:    SRB